Fred Nash ORTEGA, Appellant,

v.

Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Appellee.

No. 8369.

United States Court of Appeals
Tenth Circuit.

Dec. 16, 1965.

Charles E. Wade, Jr., Oklahoma City, Okl., for appellant.

James W. Creamer, Jr., Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

The district court denied habeas corpus relief to appellant-petitioner who is

confined in the Colorado penitentiary under a 1958 sentence imposed after his plea of guilty to a burglary charge. The sentence ordered confinement in the Colorado reformatory. Petitioner was transferred from that institution to the penitentiary by order of the governor. The contention is that the statute under which the transfer was ordered became effective after the sentence was pronounced and its application to petitioner was ex post facto in violation of Art. 1, Sec. 10, of the United States Constitution.

A 1951 statute empowered the governor to transfer prisoners from the reformatory to the penitentiary. See Colo. Sess.L. (1951), pp. 141–143. The Colorado Supreme Court has held that this law is "impliedly present" in sentences imposed after its passage. See Tinsley v. Crespin, 137 Colo. 302, 306–307, 324 P.2d 1033. Immaterial amendments effective after the sentence do not make the application of the statute to the petitioner ex post facto.

Affirmed.